# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-2001V

| | |
|---|---|
| JOHN GUALANDI,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 26, 2025 |

*Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY*, for Petitioner.

*Rachelle Bishop, U.S. Department of Justice, Washington, DC*, for Respondent.

### RULING ON ENTITLEMENT[1]

On December 5, 2024, John Gualandi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that an influenza ("flu") vaccination administered to him on August 1, 2023, caused him to suffer a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3. Petition at 1. In the alternative, Petitioner alleges that his flu vaccine caused-in-fact supraspinatus tendinopathy, a superior labral anterior posterior ("SLAP") tear, an anterior inferior labral tear, and subcoracoid bursitis. *See* Petition at 1. Petitioner further alleges that he received the vaccine in the United States, that he suffered the residual effects of his injury for more

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

than six months, and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. *See* Petition at ¶¶ 2, 46-48. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 18, 2025, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent

> recommends that petitioner be found entitled to compensation for SIRVA. Petitioner had no history of pain, inflammation, or dysfunction of his left shoulder prior to vaccination; pain occurred within forty-eight hours after receipt of an intramuscular vaccination; pain and reduced range of motion was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain.[3] 42 C.F.R. §§ 100.3(a), (c)(10). Based on the medical records outlined above, petitioner suffered the residual effects of his condition for more than six months and has satisfied the legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i). Respondent disputes that petitioner's alleged SLAP tear, anterior inferior labral tear, and AC joint hypertrophy are related to his SIRVA or a vaccine-related injury.

*Id.* at 4-5.[4]

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] "Respondent concedes that the SIRVA Qualifications and Aids to Interpretation are met as it relates to petitioner's tendinopathy and bursitis, only." Respondent's Report at 5, n. 1.

[4] Petitioner confirmed in an informal communication on September 25, 2025, that he is amenable to proceeding to damages on his SIRVA claim as it relates to his tendinopathy and bursitis, and excluding damages related to his SLAP Tear, anterior inferior labral tear and AC joint hypertrophy. Informal Communication dated September 26, 2025.